IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BOSTON MUTUAL LIFE INSURANCE COMPANY ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | 1:06cv1072 (JCC) |
| JOHN WILLIAM LUDWIG AND ) BRANDY SNIDER ) ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This case arises out of the murder of Karen Ludwig and the subsequent dispute regarding the appropriate beneficiary for her life insurance policy. The matter before the Court is Defendant/Counter-Plaintiff Brandy Snider's ("Ms. Snider") Motion to Intervene on behalf of the Estate of Karen M. Ludwig ("the Estate"). For the reasons stated below, this motion will be denied.

**I. Background**

Mr. John William Ludwig ("Mr. Ludwig") and Ms. Karen Ludwig ("Ms. Ludwig") were married on October 26, 2002 in Loudon County, Virginia. While employed with Toll Brothers, Inc., Ms. Ludwig was covered by a group life insurance policy by the Plaintiff/Counter-Defendant Boston Mutual Life Insurance Company ("Boston Mutual"). Under the terms of the policy, a death

1

benefit of $100,000 was payable upon the death of Ms. Ludwig, and an additional $100,000 was payable if her death was an "accident" as defined by the policy.  Mr. Ludwig was designated as the primary beneficiary while Ms. Snider, Ms. Ludwig's daughter from a previous marriage, was designated as the secondary beneficiary.

On July 4, 2005, Ms. Ludwig died as the result of multiple gunshots wounds inflicted by Mr. Ludwig.  Despite having murdered his wife, Mr. Ludwig filed a written claim for the death benefit on March 30, 2006.  On July 20, 2006, Mr. Ludwig was found guilty of voluntary manslaughter and a firearm felony.  He is currently incarcerated and is represented by guardian *ad litem*.

On September 19, 2006, Boston Mutual filed an interpleader complaint in this Court naming Mr. Ludwig and Ms. Snider as defendants.  The interpleader complaint seeks to resolve the competing claims for the proceeds of Ms. Ludwig's insurance policy.[1]  Ms. Snider filed her answer and counterclaim on October 27, 2006.  Now, Ms. Snider, in her capacity as personal representative for Ms. Ludwig's estate, filed this Motion to Intervene that seeks to, *inter alia*, have this Court exercise supplemental jurisdiction over two state tort claims by

---

[1] Although not currently before the Court, the issues for the Court to decide in the future are twofold:  First, whether Mr. Ludwig is barred from profiting from his wife's insurance policy under Virginia's "slayer statute;" and second, whether Ms. Ludwig's death was an "accident" as defined in the policy, and thus entitling the beneficiary to an additional $100,000 death benefit.

the Estate for wrongful death and conversion that are currently pending in Loudon County Circuit Court.

## II.  Analysis

There is no question that this Court has proper diversity jurisdiction over the original action before the Court, that is, the interpleader complaint by Boston Mutual (Massachusetts) naming Ms. Snider (Pennsylvania) and Mr. Ludwig (Virginia) as Defendants.  Nevertheless, the question currently before the Court is whether the Estate, a non-diverse intervening plaintiff, may bring state law claims of wrongful death and conversion in federal district court although there would otherwise be no basis for federal jurisdiction.[2]

Plaintiff argues that, since her claims relate to the claims in the action such that they form part of the same controversy, this Court should exercise supplemental jurisdiction over the state law claims pursuant 28 U.S.C § 1367(a).  However, 28 U.S.C. 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332, the district courts shall not have supplemental jurisdiction . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be

---

[2]Rule 24 of the Federal Rules of Civil Procedure does not address the issue of jurisdiction, but only under what circumstances intervention is proper as a matter of procedure. Fed. R. Civ. P. 24. All the requirements of Rule 24 are met in this case, and intervention is procedurally proper, yet if this Court cannot exercise jurisdiction, intervention must still be denied.

>     inconsistent with the jurisdictional
>     requirements of section 1332.

28 U.S.C. § 1367(b).  The text of the statute is clear, and courts have uniformly followed its mandate:  where diversity is the sole basis for jurisdiction over the original action, section 1367(b) specifically bars the exercise of supplemental jurisdiction over claims brought by parties seeking intervention as plaintiffs if they are not diverse parties.[3]  As applied to this case, the Estate, a Virginia domiciliary for purposes of diversity, seeks intervention as a Plaintiff and requests this Court to exercise jurisdiction over state law claims against Mr. Ludwig, also a Virginia domiciliary.  Such an exercise of jurisdiction would be wholly inconsistent with the requirements of section 1332 and thus directly contrary to the clear direction of § 1367(b).  Accordingly, the Court finds that supplemental jurisdiction is inappropriate as to any claim by Ms. Snider on behalf of the Estate.

Defendant/Counter-Plaintiff Brandy Snider filed numerous additional motions in the alternative on behalf of the Estate of Karen M. Ludwig on the day before oral argument: (1) a

---

[3] *See, e.g., Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 159 (3d Cir. 1995); *Krueger v. Cartwright*, 996 F.2d 928, 933 n.6 (7th Cir. 1993); *Liberty Mutual Group v. Hillman's Sheet Metal & Certified Welding, Inc.*, 168 F.R.D. 90, 92 (D. Me. 1996); *Chase Manhattan Bank v. Aldridge*, 906 F.Supp. 866, 868-869 (S.D.N.Y. 1995); *MCI Telecommunications Corp. v. Logan Group, Inc.*, 848 F. Supp. 86, 88-89 (N.D. Tex. 1994); *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996); *Hallco Mfg. Co. v. Quaeck*, 161 F.R.D 98, 102 (D. Or. 1995).

motion to intervene as a defendant; (2) a motion for this Court to abstain from hearing this action; and (3) a motion to stay the current action.  All these motions will be denied.

The Estate's motion to intervene as a Defendant will be denied since there are no issues before this Court concerning the Estate.  The Interpleader complaint attempts to resolve the issue of whether Brandy Snider or John Ludwig will receive the benefit of the insurance policy.  Those are the only parties that have a viable claim as to the benefit, and only upon the death of Ms. Snider would the Estate have any concern with that litigation.  Furthermore, the Court sees this motion only as a transparent, underhanded attempt to introduce the same state law tort claims into federal district court as cross claims.

As to the motion to abstain and motion to stay, this Court finds no reason to abstain from the litigation regarding the insurance policy or stay its progression.  Although some of the facts to be mentioned in this litigation may parallel with the facts in the state litigation, that does not lead this Court to unilaterally halt all related litigation.  Accordingly, these motions will be denied, and this litigation will proceed as scheduled.

In sum, two issues remain before this Court:  First, whether the appropriate life insurance policy beneficiary of Karen Ludwig's $100,000 death benefit is Brandy Snider or John

Ludwig; and second, whether Karen Ludwig's death was an "accident" within the meaning of the policy, entitling the appropriate beneficiary to an additional $100,000 accidental death benefit. These issues will be decided at the summary judgment stage and, if necessary, trial by jury.

### III. Conclusion

For the foregoing reasons, Ms. Snider's motion on behalf of the Estate to intervene as a Plaintiff will be denied; Ms. Snider's motion on behalf of the Estate to intervene as a Defendant will be denied; and Ms. Snider's motions on behalf of the Estate for an abstention or a stay of this litigation will be denied.

An appropriate Order will issue.

```
February 23, 2007                    _____/s/_____
Alexandria, Virginia                           James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE
```